19 North Arlington, Inc. v. Commissioner.
19 North Arlington, Inc. v. Commissioner
Docket No. 37090.
United States Tax Court
1953 Tax Ct. Memo LEXIS 207; 12 T.C.M. (CCH) 683; T.C.M. (RIA) 53213; June 18, 1953
Fred E. Renkert, Esq., 2610 1st National Tower, Akron, Ohio, for the petitioner. M. J. Clare, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency of $3,570.68 in the petitioner's income tax for the fiscal year ended April 30, 1949. The only issue presented by the pleadings is whether the respondent erred in failing to allow $8,390.77 as a deduction for the taxable year in question as a net operating loss carry-back from the fiscal year ended April 30, 1950. Findings of Fact The proceeding was submitted on a stipulation of facts which we adopt as our findings of fact, and which are as follows: The petitioner is a corporation, duly organized and carrying on business during the taxable year ended April 30, 1949, under the laws *208 of the State of Ohio, with its principal office and place of business in Akron, Ohio. It was incorporated on April 16, 1948, and commenced operations May 1, 1948. The returns for the periods here involved were filed with the collector of internal revenue for the 18th district of Ohio, and its books were kept and returns filed on the accrual basis. The common stock of the petitioner for the fiscal years ended April 30, 1949 and April 30, 1950, was owned equally by three individuals, namely, C. E. McDowell, Weldon Smith and M. L. Liebler. The petitioner owns commercial real estate, and during its fiscal year ended April 30, 1949, rented such property and accrued rent income therefrom in the amount of $24,091.89, pursuant to a formal written lease. The lease rental was determined by a fixed percentage of sales. The lessee of its property was East Akron Nash, Inc., a retail automobile dealership, the stock of which corporation was owned by C. E. McDowell and Weldon Smith, equally. As a result of an examination made by respondent's agents, a fixed rental of $1,250 per month was agreed upon as a reasonable rental for the premises. The petitioner then forthwith reduced its rental *209 to its lessee to $1,250 per month, retroactive to May 1, 1948. The reduction applicable to its fiscal year ended April 30, 1949, in the amount of $9,091.89 was credited to the lessee and charged to surplus after the revenue agent's examination, which occurred during petitioner's fiscal year ended April 30, 1950. The petitioner's income tax return for the fiscal year ended April 30, 1950, reflected such adjustment in Schedule M - Reconciliation of Net Income and Analysis of Earned Surplus. The petitioner has continued the rental charge to East Akron Nash, Inc., of $1,250 per month. Opinion The deficiency notice discloses that the respondent determined that for the taxable year ended April 30, 1949, the petitioner reported income from rents in the amount of $24,091.89 received from East Akron Nash, Inc., that respondent held that that amount was properly reported by the petitioner, and that respondent rejected petitioner's contention that the amount was overstated by $9,091.89. The petitioner concedes the correctness of the respondent's action in the foregoing respects and did not in the petition assign any error with respect thereto. The only error assigned in the petition is *210 the respondent's failure to allow $8,390.77 as a deduction for the fiscal year ended April 30, 1949, as a net operating loss carry-back from the fiscal year ended April 30, 1950. Section 23 (s) of the Internal Revenue Code provides for the allowance as a deduction, in computing net income, of the net operating loss deduction computed under section 122. The latter section defines "net operating loss" as the excess of the deductions allowed by Chapter 1 of the Internal Revenue Code over the gross income, with certain exceptions, additions and limitations, and provides for the carry-back or carry-over of a net operating loss deduction. Obviously, the facts presented by the stipulation of the parties, and set out in our findings, do not give any indication of what the petitioner's gross income was for the fiscal year ended April 30, 1950, nor what its allowable deductions were for that year. Without such information we are unable to conclude that for the year the petitioner had a net operating loss, or the amount thereof, within the contemplation of sections 122 and 23 (s). Without any evidence having been submitted on the point, counsel for the petitioner stated *211 at the hearing, and on brief, that the $8,390.77 here sought as a deduction represents the difference between the petitioner's net income for the fiscal year ended April 30, 1950, and the $9,091.89 which the petitioner during that year charged to surplus and credited to East Akron Nash, Inc. If the facts were as thus stated, it is not apparent why petitioner did not offer evidence to that effect. Nor is any explanation offered as to its failure in this respect. However, assuming, but not deciding, that the statement of counsel for the petitioner correctly reflects the facts relating to the petitioner's income and deductions for the fiscal year 1950, we still would be unable to sustain petitioner's claim for the deduction unless it appears that the $9,091.89 constituted an allowable deduction in computing petitioner's net income for that year. As determined by the respondent and conceded by the petitioner, the $9,091.89 constituted income to the petitioner for its fiscal year 1949. Therefore, it was incumbent on the petitioner to prove some event or circumstance arising in the fiscal year 1950 which caused the amount to be a proper deduction for that year. But the petitioner has *212 not done so. The only event shown to have occurred in the fiscal year 1950 was that petitioner credited East Akron Nash, Inc., with the amount. So far as appears this was a mere voluntary and gratuitous act on the part of the petitioner and was done without legal or moral obligation. Clearly there is nothing in the facts presented to indicate that such crediting of the amount caused it to be a loss or made it an ordinary and necessary expense of the petitioner's business. Louden Machinery Co. v. United States, 57 Fed. (2d) 911; Western Maryland Dairy Corporation, 32 B.T.A. 769. Decision will be entered for the respondent.